## BRYAN vs. BRYAN.

[BILL IN EQUITY BY WIFE TO REMOVE HUSBAND FROM TRUSTEESHIP OF HER
SEPARATE ESTATE.]

1. *For what causes husband may be removed from trusteeship of wife's separate estate.*
Section 1994 of the Code does not authorize the removal of the husband
from the trusteeship of his wife's separate estate on account of his intem-
perance, when it is not shown that such intemperance seriously interferes
with his business habits ; nor on account of his immorality, his harshness
to his wife and children, and his infidelity to the nuptial bed, when it is
apparent that these things have not unfitted or incapacitated him for the
discreet management and control of his wife's separate estate ; nor on
account of his cutting wood for sale to steamboats, from lands belonging
to the wife, which are not suitable for cultivation, and which were pur-
chased for the purpose of using the timber in that manner, when it appears
that this was done with the knowledge of the wife, and without objection
on her part until after the filing of her bill.

APPEAL from the Chancery Court at Claiborne.
Heard before the Hon. WADE KEYES.

THE bill in this case was filed by Mrs. Frances L. Bryan,
suing by her next friend, and sought to have her husband
removed from the trusteeship of her separate estate. The
defendant answered the bill, and denied all its allegations
as to his unfitness and incapacity to discharge the duties
of the trust. The substance of the evidence, which is
too voluminous to be given in detail, is stated in the
opinion of the court. On final hearing, on bill, answer,
and proof, the chancellor dismissed the bill, at the costs
of the complainant's next friend; and his decree is now
assigned as error.

THOS. WILLIAMS, for appellant.

D. W. BAINE, *contra.*

A. J. WALKER, C. J.— Section 1994 of the Code does
not authorize the removal of the husband from the posi-
tion of trustee of his wife's separate estate, unless, from
imbecility, intemperance, or some other cause, he has

become incapable of, or unfit for, the discreet management and control of such separate estate. It is not sufficient cause for the removal of the husband, under this statute, that he is intemperate, unless the intemperance shall render him incapable of, or unfit for, the discreet management and control of the separate estate. The testimony in this case shows, that the defendant's intemperance had not been carried so far as to produce that effect. There was some testimony tending to show that his intemperance had seriously interfered with his business habits; but it is fully overcome by the other testimony in the case.

Whether the evidence establishes the immorality of the defendant, his harshness as a husband and father, and his infidelity to the nuptial bed, we need not in this case inquire; for it is apparent that those things have not incapacitated or unfitted him for the discreet management and control of his wife's separate estate.

It is insisted, that the defendant is rendered unfit for the management and control of his wife's separate estate, by the fact that he is cutting wood for sale to steamboats from his wife's land, which is not suitable for cultivation, and of but little value except for its timber. It is inferable from the testimony, that the land was bought with a view to its use in the precise manner in which the defendant used it, and was given with that view to the defendant's wife; and that the husband supplied wood to steamboats from it with the knowledge of his wife, and without any dissent on her part. It is furthermore deducible from the testimony, that the wife interposed not the slightest objection to the appropriation of the forest by the defendant as above specified, until this suit was commenced; and that he acted as he did without any idea of injuring his wife's estate. Under such circumstances, we can find nothing in the cutting of the timber from the land which will justify the conclusion, that the husband was either incapable of, or unfit for, the discreet management of his wife's separate estate.

We have considered the evidence set out in the transcript, notwithstanding no note of the evidence was made

as required by the 71st rule of chancery practice, adopted in 1854; because the result is not changed by considering the evidence, and we desired to pass on the merits.

The decree of the court below is affirmed.